UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE R. KABIR,

      Plaintiff,

                             Case No. 2:012-CV-00641
v.                          JUDGE EDMUND A. SARGUS, JR.
                             Magistrate Judge Elizabeth P. Deavers

PATRICK R. DONAHUE, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.[1]) For the reasons that follow, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Andre R. Kabir, who is proceeding *pro se*, brings this action against the Postmaster General of the United States Postal Service ("USPS"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Plaintiff's claims stem from his former employment with the USPS. Plaintiff was ultimately terminated from this employment in June 2008. Defendant moves for dismissal of the present action. Defendant specifically maintains that the action is barred under the doctrines of res judicata and collateral estoppel in light of Plaintiff's prior civil action before this Court, Case

---

[1] Unless otherwise noted, electronic case filing citations shall refer to filings in the instant action, Case No. 2:12-cv-00641.

No. 2:09-cv-01061.[2]

## A.   Plaintiff's Administrative Activity

Beginning in 2006, Plaintiff filed a number of administrative grievances with the Equal

Employment Opportunity Commission ("EEOC") relating to his employment with—and ultimate

termination from—the USPS.

On July 7, 2006, Plaintiff filed a formal Equal Employment Opportunity ("EEO")

Complaint, Agency Case No. 1C-431-0032-06, asserting that the USPS discriminated against

him, based on race and gender, when it reassigned him from Automation to Dock Operations.

(Case No. 2:09-cv-01061, ECF No. 22-1.)  Plaintiff appealed the adverse decision of an EEOC

Administrative Judge in September 2007.  (*Id.*)  On March 31, 2010, the EEOC Office of Federal

Operations ("OFO") affirmed the decision of the Administrative Judge and notified Plaintiff of

his right to sue.  (*Id.*)

In September 2006, Plaintiff filed an EEO Complaint, Agency Case No. 1C-431-0044-06,

maintaining that the USPS had engaged in discriminatory and retaliatory activity in violation of

Title VII.  (ECF No. 2-3.)  Plaintiff specifically asserted that—beginning in May

2006—supervisors had verbally threatened him, forced him to work non-scheduled days and

overtime, and denied him sick leave.  (*Id.*)  Plaintiff appealed an adverse decision to the EEOC

---

[2] Although this matter is before the Court on a motion to dismiss the Court may take judicial notice of prior proceedings before this Court as well as Equal Opportunity Employment Commission ("EEOC") decisions. *See, e.g., Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *Esparza v. Pierre Foods*, — F. Supp.2d —, 2013 WL 550671, at *2 (S.D. Ohio 2013) ("Courts [] may take judicial notice of orders issued by administrative agencies, such as the EEOC.").

OFO in September 2006. (*Id.*) The EEOC OFO ultimately affirmed the previous decision and issued a right-to-sue notice on April 13, 2012. (*Id.*)

On July 13, 2007, Plaintiff filed an EEO Complaint alleging discrimination in violation of Title VII. (Case No. 2:09-cv-01061, ECF No. 7-7.) Plaintiff's EEO Complaint involved a May 2007 incident in which a manager purportedly considered the possibility of a "white males day" celebration. (*Id.*) In October 2007, the EEOC EFO found that Plaintiff failed to state a claim and issued a right-to-sue notice. (*Id.*)

Plaintiff filed another EEOC Complaint in January 2007, Agency Case No. 1C-431-0009-08. (Case No. 2:09-cv-01061, ECF No. 22-2.) At this time, Plaintiff contended that the USPS discriminated against him when it failed to select him for the position of District Complement Coordinator in December 2007. (*Id.*) An EEOC Administrative Judge initially denied Plaintiff's claim. (*Id.*) The EEOC OFO affirmed the decision (and issued a right-to-sue notice) in April 2010. (*Id.*)

Finally, in June 2008, Plaintiff filed an appeal with the Merits Systems Protection Board ("MSPB")—MSPB Case No. CH0752080640I1—maintaining that his termination was the of discrimination based on race, disability, and retaliation for protected activity. (ECF No. 2-4.) After an adverse determination from the MSPB, Plaintiff sought review from the EEOC OFO. (*Id.*) The EEOC OFO concurred with the final decision of the MSPB and issued a right-to-sue notice in October 22, 2009. (*Id.*)

**B.    Case No. 2:09-cv-01061**

In November 2009, shortly after receiving the EEOC decision regarding his termination, and while a number of other EEO Complaints were still pending, Plaintiff filed Case No. 2:09-

3

cv-01061 against Defendant. Defendant moved to dismiss, contending that Plaintiff had not yet exhausted some of his claims, that other claims were untimely, and that Plaintiff completely failed to exhaust other claims. In August 2010, after the EEOC issued right to sue notices for Agency Case Nos. 1C-431-0032-06 and 1C-431-0009-08, the Court granted Plaintiff's Motion to Amend.[3] Additionally, the Court also granted Plaintiff an additional ninety-day period to file an amendment with regard to Agency Case No. 1C-431-0044-06, which was still pending before the EEOC. Plaintiff failed to file an amendment during this period.

On August 29, 2011, the Court issued an Opinion and Order granting Defendant's partial dismissal of Plaintiff's Complaint. (Case No. 2:09-cv-01061, ECF No. 46.) The Court recognized that Plaintiff was attempting to bring claims under Title VII, the Rehabilitation Act, the Americans with Disabilities Act, and the Occupational Safety and Health Act. After reviewing Plaintiff's administrative activity, however, the Court concluded that only three claims were properly before the Court:

(1)     Whether the [USPS'] decision to reassign Plaintiff from the Automated Package Parcel Sorter (APPS) Operation to the Dock Operation on or about April 15, 2006 constituted either race or gender discrimination, in violation of Title VII.

(2)     Whether the [USPS], acting through the Manager, Human Resources for the Agency's Chicago District, discriminated against him in retaliation for his prior [Equal Employment Opportunity ("EEO")] activity, in violation of Title VII, when on December 17, 2007 she informed him that he had not been selected for the position of District Complement Coordinator, EAS-21; and

(3)     Whether the [USPS'] decision to terminate Plaintiff that took effect on or about June 7, 2008 constituted race or reprisal discrimination, in violation of Title VII, or disability discrimination, in violation of the Rehabilitation Act.

---

[3] Defendant subsequently supplemented its Motion to Dismiss, conceding that additional matters were properly before the Court.

(*Id.* at 3.)  The Court found that Plaintiff's remaining independent claims had not been administratively reviewed and were time barred.  (*Id.* at 4.)  The Court did indicate that Plaintiff could utilize evidence from unexhausted claims to demonstrate discrimination, and discriminatory motive, on the part of the USPS.  (*Id.*)  Given the voluminous nature of Plaintiff's pleadings, the Court directed Plaintiff to file a consolidated complaint, limiting his pleadings to the remaining claims.[4]

In December 2012, the Court granted Defendant summary judgment on Plaintiff's remaining claims.  Plaintiff appealed and the matter is now pending before the United States Court of Appeals for the Sixth Circuit.

C.      **The Instant Action**

Plaintiff filed this case in July 2012, approximately three months after the EEOC issued its ultimate decision in Agency Case No. 1C-431-0044-06.  Within his Complaint, Plaintiff maintains that beginning in approximately May 2006, until his termination in June 2008, the USPS discriminated against him in violation of Title VII and the Rehabilitation Act.  (Compl. ¶ 1, ECF No. 2-1.)

Plaintiff concedes that the claims in this action are "essentially the same claims" as those of Case No. 2:09-cv-01061.  (ECF No. 2-2.)  In fact, the majority of Plaintiff's factual allegations in this case are nearly identical to those within the Consolidated Complaint in Case No. 2:09-cv-01061.  (*Compare* Compl., ECF No. 2-1; *with* Consolidated Complaint, Case No. 2:09-

---

[4] After filing his Consolidated Complaint, Plaintiff attempted to submit additional amendments.  The Court denied further requests to amend, finding that the action had to move past the pleading stage.  On July 16, 2012, in his previous action, Plaintiff provided the Court notice that the EEOC OFO had reached a decision as to Agency Case No. 1C-431-0044-06.  (Case No. 2:09-cv-01061, ECF No. 102.)

cv-01061, ECF No. 54-2.) At the same time, Plaintiff indicates that he filed this action to bring

claims relating to Agency Case No. 1C-431-0044-06 in light of the EEOC's April 2012 decision.

## II. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility

standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must

be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Additionally, the Court must afford *pro se* litigants liberal construction of their pleadings

and filings. *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x

411, 414 (6th Cir. 2012). At the same time, however, such "lenient treatment has limits" and the

Court "should not have to guess at the nature of the claim asserted . . . ." *Frengler v. Gen.

Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (internal quotations omitted).

## III. ANALYSIS

### A.    Applicable Law

Defendant moves for dismissal based on the preclusion doctrines of res judicata (or claim

preclusion) and collateral estoppel. "The doctrine of *res judicata* provides that a final judgment

on the merits of an action precludes the parties or their privies from relitigating issues that were

or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013)

(internal quotations omitted).  To establish res judicata a defendant must demonstrate:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).  The identity element is satisfied "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (internal quotations omitted).

Relatedly, collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *S.E.C. v. Quinlan*, 373 F. App'x 581, 585 (6th Cir. 2010).  To establish that a prior federal court decision has collateral estoppel effect a defendant must demonstrate:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.*

The Court may considered "res judicata and collateral estoppel defenses under the parameters of Rule 12(b)(6)." *Donohue ex rel. Estate of Donohue v. United States*, No. 1:05-CV-175, 2006 WL 2990387, at *3 (S.D. Ohio Oct. 18, 2006).  Moreover, the pendency of an appeal does not deprive a judgment of its preclusive effect. *Smith v. S.E.C.*, 129 F.3d 356, 363 n.7 (6th Cir. 1997).

7

**B.     Discussion**

Upon review, the Court finds dismissal of Plaintiff's action appropriate. The doctrine of res judicata—or in the alternative collateral estoppel—is clearly applicable to the majority of Plaintiff's claims. Plaintiff is attempting to bring the same basic causes of action that he raised in Case No. 2:09-cv-01601 and admits as much. The bulk of the factual allegations within the pleadings are either identical or nearly identical to the allegations within Plaintiff's previous Consolidated Complaint. That action involved identical parties and the Court granted Defendant judgment as to Plaintiff's claims. Furthermore, Plaintiff cannot avoid res judicata "merely by seeking a different amount of damages." *J.M.S. & Associates, Inc. v. Eastman Kodak Co.*, No. 97-1348, 1998 WL 415988, at *4 (6th Cir. 1998). Under these circumstances, it is apparent from Plaintiff's pleadings that the elements of either preclusion doctrine are satisfied. Moreover, to the extent Plaintiff seeks relief from the prior judgment, he has already appealed to the Sixth Circuit.

Plaintiff's potential Title VII claims relating to Agency Case No. 1C-431-0044-06 present a closer issue, however. As detailed above, Plaintiff brought claims under Title VII in this EEOC administrative grievance, maintaining that his supervisors engaged in discriminatory and retaliatory conduct beginning in May 2006. In Plaintiff's previous action before this Court, the Court allowed Plaintiff to proceed on all of the claims that he had administratively exhausted and brought in a timely fashion. Nevertheless, as Plaintiff stresses, Agency Case No. 1C-431-0044-06 was still pending before the EEOC during most of his previous lawsuit. Plaintiff did not ultimately receive a notification of right to sue until April 2012, after his period for amending the pleadings in Case No. 09-1061 had run. Given these circumstances, the

8

question becomes whether—for the purposes of res judicata—these claims "should have been litigated" in the prior action.[5]

To evaluate this question, the Court must consider Plaintiff's administrative exhaustion requirements for his Title VII claim. Prior to filing a Title VII lawsuit, a plaintiff must receive a notice of the right to sue. *Kyle-Eiland v. Neff*, 408 F. App'x 933, 939 (6th Cir. 2011). Importantly, if the EEOC does not issue a right-to-sue letter within 180 days after a charge is filed, a plaintiff—bringing an action against a government agency—may request and is entitled to receive a right-to-sue letter from the Attorney General. 29 C.F.R. § 1601.28(a)(1), (d)(2).

Moreover, within the context of claim preclusion, the Sixth Circuit has placed the onus on plaintiffs to seek a right-to-sue letter for a pending administrative matter if they have already initiated a related civil action. *See Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee*, 126 F.3d 849, 856 (6th Cir. 1997) (holding that requiring a plaintiff "to seek a right-to-sue letter and to amend his complaint does not exceed the burden of a due diligence standard"); *cf also Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279–80 (10thCir. 2006) (collecting case law indicating, in the context of claim preclusion, "that a *plaintiff's* obligation to assert claims arising out of the same transaction continues throughout the course of the litigation") (emphasis in original). Accordingly, to avoid preclusion, a plaintiff must (1) seek a right-to-sue letter once he or she is entitled to and (2) move to amend the pleadings to bring the relevant claim. *See, e.g., id.* at

---

[5] Plaintiff does not appear to contest the other elements of res judicata with regard to his Agency Case No. 1C-431-0044-06 claims. Regardless, the Court finds that these elements are satisfied. The prior action involved identical parties and reached a final judgment. Moreover, the discriminatory and retaliatory conduct Plaintiff alleged in Agency Case No. 1C-431-0044-06 is part of a larger series of alleged discriminatory conduct that Plaintiff asserts occurred during his employment with USPS. In other terms, Plaintiff's prior action was also based on the USPS's alleged discriminatory and retaliatory conduct during this same general period.

9

855–56 (applying claim preclusion when a plaintiff had sufficient time to seek a right-to-sue letter, under the 180 day provision, and then move to amend his state court complaint); *cf. also Donald v. Frugal I Inc.*, 74 F. App'x 593, 596–97 (6th Cir. 2003) (applying claim preclusion when plaintiffs, although diligent in seeking right-to-sue letters, should have made an effort to stay—rather than expedite—the relevant prior proceedings).[6]

Under the circumstances of this case, the Court finds that res judicata applies to Plaintiff's claims relating to Agency Case No. 1C-431-0044-06. Plaintiff filed the relevant EEO Complaint in September 2006 and appealed to the EEOC OFO in September 2009. In August 2010, well after Plaintiff would have been entitled to a right-to-sue letter under 29 C.F.R. § 1601.28, the Court granted Plaintiff an additional ninety days to file an amendment with regards to Agency Case No. 1C-431-0044-06. (Case No. 2:09-cv-01061, ECF No. 26.) In light of these circumstances, Plaintiff had ample time to obtain a right-to-sue notice and amend his pleadings, but he failed to take such action. Accordingly, the Court finds that Plaintiff could and should have brought any Title VII claims relating to EEOC Agency Case No. 1C-431-0044-06 in the prior action before this Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**. The Clerk is **DIRECTED** to remove this case from the Court's active docket.

---

[6] In both *Heyliger* and *Donald*, the Sixth Circuit applied claim preclusion in the context of a prior Tennessee state court decisions. The underlying reasoning of *Heyliger* and *Donald*, however, also applies to preclusion under federal law. *See Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (applying the reasoning of *Heylinger* to a case involving a prior federal decision).

10

**IT IS SO ORDERED.**

_____8 - 16 -2013_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

11